IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **HAROLD BAREND**<br>276 Wooded Crossing Circle<br>St. Augustine, FL 32084 | *<br>*<br>* |
| *Plaintiff* | * |
| v. | * |
| **THE UNITED STATES OF AMERICA** | *   Case No: |
| | * |
| Serve on: | * |
| William Barr, U.S. Attorney General<br>US Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001 | *<br>*<br>* |
| and | * |
| Robert K. Hur, Esq.<br>United States Attorney for<br>the District of Maryland<br>36 S. Charles St., 4th Fl.<br>Baltimore, MD 21201 | *<br>*<br>* |
| And | * |
| **OMNI CORPORATION**<br>580 Decker Drive<br>Irving, TX 75062 | *<br>* |
| Serve on:<br>Alfredo O Magana<br>26865 IH-45 South Feeder<br>Buffalo, TX 75831 | *<br>*<br>* |
| Ashley Magana<br>580 Decker Drive, Suite 280 | * |

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

       Irving, TX 75062                     *

And                                          *

**EYRE BUS SERVICE, INC.**
13600 Triadelphia Road          *
Glenelg, MD 21737
                                         *

       Serve on:
                                         *

Harry Lee Eyre
13600 Triadelphia Road         *
Glenelg, MD 21737
                                         *

       *Defendants*

## COMPLAINT

COMES NOW the Plaintiff, Harold Barend, by his undersigned counsel, and files this Complaint against Defendants The United States of America, Omni Corporation, and Eyre Bus Service, Inc. and in support thereof states as follows:

### PARTIES

1.    Plaintiff Harold Barend is a citizen of Florida and resides at 276 Wooded Crossing Circle, St. Augustine, FL 32084.

2.    Defendant The United States of America, through the Federal Emergency Management Agency ("FEMA"), a federal agency within the U.S. Department of Homeland Security, owns and operates the Emergency Management Institute and National Emergency Training Center located at 16825 South Seton Avenue, Emmitsburg, Maryland. Under the Federal Tort Claims Act, The United States of America is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment.

3. Defendant Omni Corporation ("Omni Corporation") is a privately-held company with its principal place of business in Irving, Texas. Omni Corporation provides facilities management services and contracts with the federal government to manage its properties. Upon information and belief, at all times relevant to this Complaint, Omni Corporation was under contract to provide facilities management services to FEMA's Emergency Management Institute and National Emergency Training Center in Emmitsburg, Maryland.

4. Defendant Eyre Bus Service, Inc. ("Eyre") is a Maryland Corporation with its principal place of business in Glenelg, Maryland. Eyre Bus Service, Inc. provides bus charter and shuttle services to government facilities. Upon information and belief, at all times relevant to this Complaint, Eyre was contracted to provide bus charter and shuttle services to FEMA's Emergency Management Institute and National Emergency Training Center in Emmitsburg, Maryland.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims against the United States pursuant to the Federal Tort Claims Act, 28 USC §2671 et seq. and 28 U.S.C. §1346(b)(1) because this action involves a personal injury caused by the negligent or wrongful act or omission of one or more government employees and its agents.

6. This Court has subject matter jurisdiction over the claims against Defendants Omni Corporation and Eyre Bus Service, Inc. pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000.00 and the Plaintiff and the private Defendants are citizens of different states. This Court also has supplemental jurisdiction over the

claims against the private Defendants under 28 U.S.C. § 1367 because they are so related to the claims against the United States that they form part of the same case or controversy.

7. Venue is properly in this Court, and in this division, because the causes of action arose and the acts or omissions complained of occurred in Emmitsburg, Maryland, located in Frederick County. 28 U.S.C. §1391(a)(2); 28 U.S.C. §1402.

8. Pursuant to 28 U.S.C.A. § 2675(a), on November 7, 2019, the Plaintiff timely filed an administrative claim with the Federal Emergency Management Agency, the agency, a division of which (the United States Fire Administration), owned the property at which the subject occurrence happened, within two (2) years of the date of the occurrence giving rise to this cause of action, November 8, 2017. While Plaintiff was apprised that a representative had been assigned to the claim, no response has been received from FEMA to the claim, and six months have passed since FEMA's receipt of the claim.

## FACTS COMMON TO ALL COUNTS

9. On or about November 8, 2017, Plaintiff Harold Barend was a business invitee attending a training program at FEMA's Emergency Management Institute, National Emergency Training Center located at 16825 South Seton Avenue, Emmitsburg, Maryland (the "Property").

10. At or around 6:25 p.m., following a FEMA training session at the Emergency Training Center, Plaintiff was walking from the FEMA Institute cafeteria, believed to be located in Building K, across an inadequately lit parking lot toward three Eyre buses that were being used to transport trainees from the FEMA Institute to a local hotel in Frederick, Maryland.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

11. Unbeknownst to Mr. Barend, but known to the agents, servants, and employees of the United States, FEMA, Omni Corporation and/or Eyre, who worked in the area, the buses were parked in a location and configuration that obscured a cement curbing that enclosed an elevated grass strip.

12. While the Erye buses had let the trainees off at a different location (closer to the training center building), the buses were moved at some point during the training session, and were ultimately parked next to one another in an unlit area near cement curbing such that passengers would be approaching the buses from the rear in the early evening hours. While Erye had previously discharged its riders on the roadway across from the cafeteria and picked them up from the same well-lit location, on the evening at issue, buses had been parked in an unlit parking area at a distance from the cafeteria.

13. Mr. Barend was walking toward the buses when he, despite exercising reasonable care for his own safety, tripped and fell on the unlit and obscured curb, striking his left knee on the cement curb and his right knee on the grass within the cement curbing.

14. There was no lighting illuminating this area of the parking lot, including the elevated cement curbing, where Mr. Barend fell, nor was there signage or warnings posted drawing attention to the concealed and dangerous condition.

15. Upon information and belief, another individual had fallen in the same area earlier that evening before Plaintiff fell, a fall about which the Defendants, through their employees, agents and/or representatives, had been apprised or were otherwise aware.

16. An EMT was called, and Mr. Barend was taken by EMT to the FEMA emergency room on the Emmitsburg campus, and later ambulanced to the Gettysburg

Hospital. When they arrived at the emergency room, the medical staff assisted Plaintiff onto a stretcher and wheeled him into the room. As he was entering, another person was exiting on a stretcher. The EMT told Mr. Barend that this gentleman had fallen and was injured in the same area where Mr. Barend had fallen.

17. Soon after arrival at the FEMA emergency room, one believed to be a FEMA nurse, examined Plaintiff's knee. As she was examining his knee, a security guard, employed by The United States and/or Omni Corporation, entered the room. The nurse told him to go to the area where Plaintiff and the other man had fallen and put some lighting there. Mr. Barend completed a short incident form at the request of one believed to be a United States/FEMA employee.

18. As a direct and proximate result of the negligence of the agents, employees and/or representatives of The United States, Omni Corporation and Erye Bus Service, Inc., Plaintiff was injured and damaged, including, but not limited to, sustaining painful and permanent bodily injuries, undergoing surgeries, enduring difficult rehabilitation, losing and continuing to lose wages and earning capacity, and experiencing and continuing to experience pain and suffering. Additional medical treatment, including an additional surgery, are expected.

19. Among other things, Plaintiff suffered a left quadriceps tendon tear and medial meniscus tear, which required left knee arthroscopy, partial medial meniscectomy, chondroplasty of medial femoral condyle and tibial plateau; chondroplasty of patella; and open quadriceps tendon primary repair. Plaintiff has not regained full function of his left knee.

20.     As a further result of the falls caused by the Defendants' negligence, a mesh, inserted years before in connection with the repair of a groin hernia injury, broke or was otherwise compromised, requiring surgery.  Plaintiff experienced complications from the surgery, including excruciating pain, blood clots, and symptoms of neuropathy.  On or about January 2, 2020, a second surgery took place to repair the damage from the initial hernia mesh surgery.   The second hernia mesh surgery was successful but a large space was left and a large seroma developed.  The fluid from the seroma has impacted and continues to impact the right knee and hip.  In addition, the symptoms and stress associated with the fall and required surgeries appear to have adversely impacted a previously diagnosed leukemia.

21.     Plaintiff has continuing residual pain and numbness around the left knee-cap area.  He cannot walk more than a couple of blocks without his knee failing.  He is expected to need medical follow-up treatment and/or medications for the indefinite future.  He cannot jump or move with agility to his right or left.  For about 65 years, he played and loved the game of basketball.  Prior to this accident, he had played in senior tournaments throughout the country and won numerous gold medals.  Just prior to accepting the work assignment that brought him to the FEMA facility, he was part of a team that won the gold medal in the Florida Senior Games.

22.     The Defendants are individually and/or jointly and severally liable for Plaintiff's injuries and damages, and each is responsible not only for their own acts or omissions but also for the acts and omissions of their agents and employees under the doctrine of *respondeat superior*.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

## COUNT 1
(Negligence against the United States of America)

23. The Plaintiff re-states, re-alleges and incorporates herein all facts and allegations as described above.

24. At all times relevant to this Complaint, the United States of America and FEMA (including its division, the United States Fire Administration) owned and/or had possession or control over the Property and owed a non-delegable or other duty to the Plaintiff to maintain the Property in a reasonably safe condition and to clean, maintain and keep the Property in good order and safe for the use of persons entering thereon, including the Plaintiff, and to supervise employees, agents, contractors and/or other representatives entrusted with the performance of any or all of these duties.

25. Defendant The United States, including FEMA, through its employees, had a duty to exercise reasonable care in connection with its arrangement, coordination, provision and/or supervision of transportation services for those attending training at the Emergency Training Center, including the Plaintiff, as well as a duty to assure safe ingress to and egress from the Property.

26. On the evening at issue, Plaintiff was directed or invited by one or more agents, employees or representatives of this Defendant to walk from the FEMA Institute cafeteria across an unlit parking lot toward the Eyre buses that were being used to transport trainees to and from the FEMA Institute, which buses were required and/or permitted to park in a location and configuration in the parking lot that created a concealed and unreasonably dangerous condition for FEMA trainees, including Plaintiff, including, but

not necessarily limited to, obscuring a cement curb that the Defendants knew the trainees would encounter in accessing the buses. The United States created this unreasonably dangerous condition and/or allowed it to persist by failing to adequately monitor the parking area and to supervise others, including agents, employees or representatives of the other Defendants, who were present in the parking area and involved in creating the dangerous condition. Furthermore, the design of the parking area, including, but not necessarily limited to, the absence of sufficient lighting in the area at issue, contributed to cause the dangerous condition encountered by the Plaintiff.

27. All of the agent's and/or employee's actions complained of were performed while they were acting within the scope of their employment with this Defendant and with the permission and consent of this Defendant.

28. Despite having created an unreasonably dangerous condition in the parking lot, the Defendant's agents and/or employees allowed the parking lot and area around the buses to remain in an unlit, hazardous, and unsafe condition and failed to warn of the dangerous condition, all in breach of the duty of reasonable care owed to the Plaintiff. Upon information and belief, the failure to warn and/or to remedy the concealed and unreasonably dangerous condition created by Defendant's agents and/or employees persisted despite having been apprised or having been otherwise aware of a prior fall in the same area before Plaintiff fell.

29. As a result of the concealed and unreasonably dangerous condition created by Defendant's agents and/or employees acting within the scope of their employment with

the United States, the Plaintiff tripped and fell causing severe and permanent injury and damages.

30. As a direct and proximate result of the Defendant's breaches of duty and negligence, the Plaintiff has been injured and damaged in that he, among other things, has suffered painful and permanent bodily injuries to his legs and knees, has been and will continue to be in great physical, mental and emotional pain and distress, has received and will continue to receive necessary medical treatment and has incurred and will incur necessary medical expenses and has lost and continues to lose wages and earning capacity.

31. The United States is liable for Plaintiff's injuries directly, as a result of its failure to maintain the Property in a reasonably safe condition for those lawfully on the Property and/or by failing to supervise the employees, agents, contractors and/or representatives it entrusted with the performance of these duties, and vicariously, for the negligence of its employees and/or agents who created and left a concealed and unreasonably dangerous condition in the parking lot of the Property that the Plaintiff encountered and which proximately caused his injuries, under the theory of *respondeat superior*.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant, United States of America, in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), plus interest and costs.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

## COUNT II
(Negligence against Omni Corporation)

32. The Plaintiff re-states, re-alleges and incorporates herein all facts and allegations as described above.

33. On or about November 8, 2017, Omni Corporation occupied and/or possessed the Property and was under contract with the Defendant United States of America to act as property manager or otherwise perform facilities management services for the Property, including, but not limited to, the exterior of the Property including the parking areas.

34. As occupant and one in possession of the Property, and, upon information and belief, pursuant to its contract with The United States or an agency thereof, Omni had a duty to maintain the Property in a reasonably safe condition, including a duty to clean, maintain, and keep the Property in good order and safe for the use of persons entering thereon, to report to representative(s) of Defendant The United States of America and to supervise employees, agents and/or other representatives entrusted with the performance of any or all of these duties.

35. Omni breached these duties when one or more Omni agents and/or employees, while acting within the scope of their employment with Omni, and with the supervision of Defendant United States of America failed to ensure that the lighting in the parking lot was functioning, adequate, and turned on, causing a concealed and unreasonably dangerous condition, of which the agents and/or employees were aware, to remain in the parking lot of the Property which the Plaintiff was invited to use.

36. Omni further breached these duties when one or more Omni agents and/or employees, while acting within the scope of their employment with Omni, and with the

supervision of Defendant United States of America required, directed and/or otherwise permitted Eyre Bus Service, Inc. to park their buses in a location and configuration in the parking lot that obscured a cement curbing that they knew or should have known the FEMA trainees, including Plaintiff, would encounter when exiting their training session to board the buses in the early evening hours. Omni further breached these duties when one or more Omni agents and/or employees, while acting within the scope of their employment with Omni, and with the supervision of Defendant United States of America failed to adequately monitor the parking area and to supervise others, including agents, employees or representatives of the other Defendants, who were present in the parking area and involved in creating the dangerous condition.

37.  Despite having created an unreasonably dangerous condition in the parking lot, the Defendant's agents and/or employees allowed the parking lot and area around the buses to remain in an unlit, hazardous, and unsafe condition and failed to warn of the dangerous condition, all in breach of the duty of reasonable care owed to the Plaintiff. Upon information and belief, the failure to warn and/or to remedy the concealed and unreasonably dangerous condition created by Defendant's agents and/or employees persisted despite having been apprised or having been otherwise aware of a prior fall in the same area before Plaintiff fell.

38.  As a result of the concealed and unreasonably dangerous condition created by Defendant's agents and/or employees acting within the scope of their employment with Omni, the Plaintiff tripped and fell causing severe and permanent injury and damages.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

39. As a direct and proximate result of the Defendant's breaches of duty and negligence, the Plaintiff has been injured and damaged in that he, among other things, has suffered painful and permanent bodily injuries to his legs and knees, has been and will continue to be in great physical, mental and emotional pain and distress, has received and will receive necessary medical treatment and has incurred and will incur necessary medical expenses and has lost and continues to lose wages and earning capacity.

40. Omni Corporation is liable for Plaintiff's injuries directly, as a result of its failure to maintain the Property in a reasonably safe condition for those lawfully on the Property and/or by failing to supervise the employees, agents and/or representatives it entrusted with the performance of these duties, and vicariously, for the negligence of its employees and/or agents who created and left a concealed and unreasonably dangerous condition in the parking lot of the Property that the Plaintiff encountered and which proximately caused his injuries.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant, Omni Corporation, in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), plus interest and costs.

### COUNT III
(Negligence against Eyre Bus Service, Inc.)

41. The Plaintiff re-states, re-alleges and incorporates herein all facts and allegations as described above.

42. On or about November 8, 2017, Eyre Bus Service, Inc. was under contract with the Defendant, United States of America (through FEMA), Omni Corporation, or

others, to transport FEMA Institute trainees, including the Plaintiff, to and from the Property.

43. Eyre had a duty to operate their buses on the Property in a reasonably safe condition, including a duty to park them, and provided ingress and egress to and from them, in a safe location, and one free from unreasonably dangerous conditions, and to supervise employees, agents and/or other representatives entrusted with the performance of any or all of these duties.

44. Eyre breached these duties when one or more Eyre agents and/or employees, while acting within the scope of their employment with Eyre, and with the supervision of Defendants United States of America and/or Omni Corporation, moved and parked their buses in a location and configuration in a parking lot at the Property that obscured a cement curbing they knew or should have known that their riders would encounter when being required by Eyre or the other Defendants to cross an unlit parking lot in the evening hours to approach and/or board buses from the rear.

45. Despite having created an unreasonably dangerous condition in the parking lot, the Defendant's agents and/or employees allowed the parking lot and area around the buses to remain in an unlit, hazardous, and unsafe condition and failed to warn of the dangerous condition, all in breach of the duty of reasonable care owed to the Plaintiff. Upon information and belief, the failure to warn and/or to remedy the concealed and unreasonably dangerous condition created by this Defendant's agents and/or employees persisted despite having been apprised or having been otherwise aware of a prior fall in the same area before Plaintiff fell.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

46.     As a result of the concealed and unreasonably dangerous condition created by Defendant's agents and/or employees acting within the scope of their employment with Eyre, the Plaintiff tripped and fell causing severe and permanent injury and damages.

47.     As a direct and proximate result of the Defendant's breaches of duty and negligence, the Plaintiff has been injured and damaged in that he, among other things, has suffered painful and permanent bodily injuries to his legs and knees, has been and will continue to be in great physical, mental and emotional pain and distress, has received and will receive necessary medical treatment and has incurred and will incur necessary medical expenses and has lost and continues to lose wages and earning capacity.

48.     Eyre Bus Service, Inc. is liable for Plaintiff's injuries directly, as a result of its breaches of duty, including its creation of an unreasonably dangerous condition that Plaintiff encountered and/or by failing to supervise the employees, agents and/or representatives it entrusted with the performance of these duties, and vicariously, for the negligence of its employees and/or agents who created and left a concealed and unreasonably dangerous condition in the parking lot of the Property that the Plaintiff encountered and which proximately caused his injuries, under the theory of *respondeat superior*.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant, Eyre Bus Service, Inc., in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), plus interest and costs.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

## DEMAND FOR JURY TRIAL

The Plaintiff hereby requests a jury trial on all state law claims.

Date: 11/3/2020

Respectfully submitted,

McCarthy Wilson, LLP

By: _____
Ronald W. Cox, Jr., Esq.
Kathleen Fawcett, Esq.
2200 Research Blvd., Suite 500
Rockville, MD 20850
(301) 762-7770
(301) 926-7444 facsimile
coxr@mcwilson.com
*Counsel for Plaintiff*